UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

IN THE MATTER OF THE EXTRADITION
OF MIROSLAV TUNIEWICZ TO THE                    MJ-06-1059 (VVP)
REPUBLIC OF POLAND.

----------------------------------------------------------------x

# MEMORANDUM OF DECISION, CERTIFICATION TO THE
# SECRETARY OF STATE, AND WARRANT FOR COMMITMENT

The Republic of Poland seeks the extradition of Miroslav Tuniewicz pursuant to the Extradition Treaty Between the United States of America and the Republic of Poland, July 10, 1996, S. Treaty Doc. No. 105-14 (hereinafter the "Extradition Treaty"), on various charges arising from conduct alleged to have occurred in Poland in 1991 and 1992. Tuniewicz has opposed extradition on the ground that his prosecution on the charges is now time-barred under Polish law. For the reasons below, the court concludes otherwise, and finds that the prerequisites for extradition under the Extradition Treaty have been satisfied.

## THE CHARGES

The documents submitted by the Polish government in support of their extradition request supply the following information about the charges for which the Polish authorities seek the extradition of Tuniewicz.[1] The criminal offenses arise from allegedly false documents he filed while employed as a traffic officer of the Voivodship Police Headquarters in Poland. Specifically, he is alleged to have filed documents falsely certifying that automobile accidents had occurred on five occasions in late 1991 and early 1992. The alleged purpose of the

---

[1] The documents and their English translations are annexed to the Complaint and Affidavit in Support of Application for an Arrest Warrant (hereinafter "Ryan Aff't") and to the Letter dated February 9, 2007 (hereinafter "Ryan Ltr."), submitted by the Office of the United States Attorney for the Eastern District of New York on behalf of the Polish government.

falsification was to enable the making of false insurance claims in order to obtain approximately 58,000 PLN.[2]

The specific criminal charges lodged against Tuniewicz in Poland are found in a Decision on Presentation of Charges dated September 26, 2001.[3] The Decision alleges a total of ten criminal offenses, two for each of the five accidents Tuniewicz allegedly falsely certified. Thus, for each accident Tuniewicz is alleged to have committed a criminal offense in violation of article 271 section 1 and 3 of the Criminal Code, and another in violation of article 286 section 1 of the Criminal Code. Article 271 section 1 of the Criminal Code makes it a crime for a public official to issue a false document and section 3 enhances the punishment for that offense if the falsification is committed for the purpose of obtaining material or personal benefit.[4] Article 286 section 1 of the Criminal Code makes it a crime to cause someone to "disadvantageously dispose" of property by misleading him when that is done for the purpose of obtaining a material benefit.

## THE LIMITATIONS PERIOD

Article 8 of the Extradition Treaty provides,

> Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the law of the Requesting State.

---

[2] PLN is the international currency code for the *zloty*, the currency of Poland.

[3] There is no dispute that this Decision on Presentation of Charges constitutes a charging document as required by article 9 of the Extradition Treaty.

[4] Translations of the relevant excerpts from the Polish Penal Code are found annexed at Exhibit 3 of the Ryan Ltr.

Extradition Treaty, art. 8, annexed to Ryan Aff't as Ex. A. The applicable limitations periods in Poland with respect to the crimes charged against Tuniewicz are set forth in articles 101 and 102 of the Polish Criminal Code, and are calculated based on the potential punishment that may be imposed for given offenses. Thus, article 101 provides, in pertinent part,

> Article 101. § 1. The amenability to punishment for an offence ceases, if from the time of the commission thereof the following number of years have elapsed:
> . . .
> 2a) 15 – when the act constitutes a misdemeanour subject to the penalty of deprivation of liberty exceeding 5 years.

Act of 6 June 1997, art. 101, § 1, annexed to Ryan Ltr. at Ex. 3. Article 102 provides for an extension of the applicable limitations period once proceedings are instituted within the initial period prescribed in article 101 as follows:

> Article 102. If in the period specified in Article 101 the proceedings against a person have been instituted, the amenability to punishment for the offence specified in § 1 subsections 1-3 and committed by this person, ceases after the expiration of 10 years, and in other cases after the expiration of 5 years from the end of that period.

Act of 6 June 1997, art. 102, annexed to Ryan Ltr. at Ex. 3. Thus, read together, articles 101 and 102 provide an initial limitations period of 15 years for offenses punishable by more than 5 years of imprisonment, and if criminal proceedings for such offenses are instituted within that period then the proceedings must be concluded within 10 years after the end of the initial 15-year period.

The punishment prescribed for the offenses charged against Tuniewicz under both article 271 section 1 and 3 and article 286 section 1 is "deprivation of liberty for a term of between 6 months and 8 years." *See* Act of 6 June 1997, arts. 271 and 286, annexed to Ryan Ltr. at Ex. 3. As the potential punishment exceeds 5 years of imprisonment, the initial limitations period is 15

years.  The earliest criminal conduct on which charges for which extradition is requested is alleged to have occurred on November 5, 1991, and the earliest expiration date for the bringing of criminal charges based on that conduct is thus November 5, 2006.  Since the criminal charges were brought on September 26, 2001, they fall well within the initial limitations period.  *See* Decision on Presentation of Charges, Sep. 26, 2001, annexed to Ryan Ltr. at Ex.1.  As the criminal charges were timely brought, the limitations period for the earliest charges is extended by ten years to November 5, 2016.  Because the criminal conduct on which the remaining criminal charges rest all occurred after November 5, 1991, the limitations periods for those charges are even later.  Accordingly, none of the charges on which extradition is sought are time-barred under Polish law.

Tuniewicz's argument that the offenses are time-barred is based on an erroneous reading of the documents submitted by the Polish government.  His calculations regarding limitations periods relate to charges lodged in a Decision on Presentation of Charges dated March 8, 1993 which were based on a prior version of the Polish Penal Code.  The charges for which extradition is sought, however, were lodged in a Decision on Presentation of Charges dated September 26, 2001, after the enactment of a new Penal Code in June 1997.  The new Penal Code lowered the punishment for the offenses allegedly committed by Tuniewicz, but lengthened the limitations period.[5]  The initial charging document dated March 8, 1993 was thus effectively superseded by the new charging document, to which the longer limitations periods apply.

---

[5]As Tuniewicz acknowledges, charges relating to conduct occurring before 1997 may nevertheless be brought under the 1997 Penal Code.  *See* Cohen & Forman Letter, Mar. 19, 2007, at 3.  Had the 1997 Penal Code not been enacted, and the superseding charging document not been filed, all of the charges in the initial charging document would now be time-barred as the overall limitations period for the charges was 15 years and the most recent criminal conduct allegedly occurred in March 1992.

## **OTHER CONSIDERATIONS**

This court's task, when presented with a request for extradition is to review the evidence of criminality to determine whether it be sufficient to sustain the charges on which extradition is sought under the provision of the applicable treaty. *See* 18 U.S.C. § 3184. Under article 9, section 3(c) of the Extradition Treaty, the party requesting extradition must provide "such information as would justify the committal for trial of the person if the offense had been committed in the Requested State." Under United States law, of course, a person may be bound over for trial upon a showing of probable cause. *E.g., Ex parte United States*, 287 U.S. 241, 249-50 (1932); *United States v. Monsanto*, 491 U.S. 600, 615-16, 109 S. Ct. 2657, 2666-67 (1989). In making its determination, the court is entitled to consider hearsay statements, including unsworn declarations of absent witnesses. *Zanazanian v. United States*, 729 F.2d 624, 626 (9th Cir. 1984) (citing *Collins v. Loisel*, 259 U.S. 309, 317 (1922)).

The documents submitted by the Polish government in support of their extradition request are sufficient to satisfy the court that probable cause exists to support the charges for which extradition is sought. The request for extradition is accompanied by copies and translations of the allegedly false documents filed by Tuniewicz, as well as properly authenticated statements of numerous witnesses. The witness statements provide information calling into question the truth of various aspects of the allegedly false documents, including whether the accidents disclosed in the documents actually occurred. The statements also provide proof that insurance claims were paid in connection with some of the accidents. Tuniewicz does not question the sufficiency of the proof submitted by the Polish government. Nor does he

question any other aspect of the extradition request. Accordingly, the court finds that the prerequisites for extradition under the Extradition Treaty are satisfied.

## CONCLUSION

For the foregoing reasons, the court concludes that the extradition request made by the Republic of Poland should be granted. Accordingly, the court hereby certifies to the Secretary of State that the evidence is sufficient to sustain the charges under the provisions of the Extradition Treaty such that a warrant may issue upon the requisition of the proper authorities of the Republic of Poland for the surrender of Miroslav Tuniewicz to their custody.

Pursuant to the provisions of title 18, United States Code, section 3184, Miroslav Tuniewicz is hereby committed to the custody of the United States Marshals Service to be held until surrender may be made.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:  Brooklyn, New York
        April 6, 2007